

FILED

NOV - 4 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>VINCENT THAKUR SINGH and<br>MELANIE GAY SINGH,<br><br>        Debtors.<br>_____<br>MICHAEL F. BURKART, Chapter 7<br>Trustee,<br><br>        Plaintiff,<br>   v.<br>BABU LAL,<br><br>        Defendant.<br>_____ | Case No. 10-42050-D-7<br><br><br><br><br><br><br>Adv. No. 12-2457<br>Docket Control No. CDH-002<br><br><br><br><br>DATE: July 24, 2013<br>TIME: 10:00 a.m.<br>DEPT: D |

**RECOMMENDATION TO THE DISTRICT COURT WITH
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Chapter 7 trustee Michael Burkart ("plaintiff") has filed a motion for entry of default judgment against defendant Babu Lal ("defendant"). The motion was noticed under LBR 9014-1(f)(1) and is unopposed. The court submits to the district court the following findings of fact and conclusions of law, pursuant to 28 U.S.C. § 157(c)(1).

**BANKRUPTCY COURT AUTHORITY**

Following the Ninth Circuit's decision in <u>Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)</u>, 702 F.3d 553 (9th Cir. 2012), *cert. granted*, 2013 WL 3155257 (June 24, 2013), bankruptcy courts do not have constitutional authority to enter final judgments on fraudulent transfer claims against non-creditors. 702 F.3d at 565. The

Bellingham court, however, also held that a defendant's right to a hearing in an Article III court is waivable. Id. at 566. "[A] litigant's actions may suffice to establish consent" to adjudication by a non-Article III court. Id. at 569. Here, defendant is neither a creditor in the underlying bankruptcy case, nor was defendant sufficiently active in the case to give rise to a finding of a waiver of defendant's right to an Article III adjudication. Accordingly, the court does not have authority to enter a final judgment on the fraudulent transfer claim asserted against defendant. Thus, the court submits the following as its findings of fact and conclusions of law, together with its recommendation, to the district court.[1]

## ANALYSIS

A summons and complaint were served on defendant, who failed to answer within the time provided under FED. R. BANKR. P. 7012(a). On May 17, 2013, the clerk of the court entered an order of default against defendant. There are no other defendants in this matter. Accordingly, the well-pleaded allegations in plaintiff's complaint, except for allegations regarding the amount of damages, are deemed admitted. FED. R. CIV. P. 8(b)(6).

Obtaining a default judgment is a two-step process. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk of the

---

[1] In sum, § 157(b)(1) provides bankruptcy courts the power to hear fraudulent [transfer] cases and to submit reports and recommendations to the district courts. Such cases remain in the core, and the § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law. Only the power to enter final judgment is abrogated.

Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.), 702 F.3d 553, 565-66 (9th Cir. 2012), cert. granted, 2013 WL 3155257 (June 24, 2013).

court enters the default of the party who has failed to plead or otherwise defend; the clerk or the court, depending on the nature of the plaintiff's claim, then enters a default judgment. FED. R. CIV. P. 55(a) and (b), incorporated herein by FED. R. BANKR. P. 7055. In this case, the clerk, at the request of plaintiff, entered the default of defendant on May 17, 2013. Plaintiff's motion is for entry of default judgment against defendant, pursuant to FED. R. CIV. P. 55(b). Factors the court must consider include the following: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72. Resolution of disputes on their merits is generally favored over default judgments. See id. at 1472.

Similar, albeit differently articulated, considerations are involved in the context of a court's exercise of discretion to set aside a default judgment:

> These considerations, are usually listed as (1) whether the default was willful or culpable; (2) whether granting relief from the default would prejudice the opposing party; and (3) whether the defaulting party has a meritorious defense. Such considerations are, therefore, also appropriate considerations when deciding whether to render a default judgment. This is logical. When faced with the decision concerning whether to render a default judgment in the first place, a court logically should consider whether factors are present that would later oblige the court to set that default judgment aside.

10 MOORE'S FEDERAL PRACTICE § 55.31[2] (Matthew Bender 3d. ed. 2012).

Pursuant to the Fourth Claim for Relief of the First Amended Complaint, plaintiff alleges a fraudulent transfer claim under 11 U.S.C.

Case 12-02457   Filed 11/04/13   Doc 45

§ 548(a)(1)(A). In particular, plaintiff alleges that debtor, Vincent Singh ("Singh"), made two payments to defendant totaling $30,000.00. The payments consisted of cash, checks, or other forms of transfer directly from Singh or indirectly from one or more accounts in Singh's name, Malanie Singh, Perfect Financial Group, Inc., AAMCO Stockton, Inc., AAMCO Orangevale, Inc., OM L. Singh, John A. Singh, Usha D. Singh, and/or third parties to or for the benefit of defendant. The payments were made as part of a Ponzi scheme perpetrated by Singh. Defendant had invested funds with Singh and received payments in connection with the amounts invested. Although Singh represented that he was making "hard money" loans that would produce funds to be paid back to investors (including defendant), the actual source of the payments from Singh was funds invested by other investors. Pursuant to the Fifth Claim for Relief, plaintiff alleges that, under 11 U.S.C. § 550, he is entitled to recover from defendant any property transferred from Singh by means of an avoidable transfer.

A. **Propriety of Entering Default Judgment (_Eitel_ Factors)**

   1. **Possibility of Prejudice to Plaintiff**

Plaintiff will be prejudiced if default judgment is not granted. Plaintiff, as trustee of a bankruptcy estate being administered in part for the benefit of Ponzi scheme victims, is required to marshal a series of transfers to numerous investors so that each investor can receive his or her aliquot share of investment funds misappropriated by the perpetrator of a Ponzi scheme. Although it seems counterintuitive to claw back funds redistributed to the victims by Singh, it is necessary in ensuring the equality of treatment of similarly situated creditors. Defendant's failure to respond in this action presents a delay that reverberates through the bankruptcy case: plaintiff is prevented from

marshaling and accounting for investment funds that are to be distributed on a pro rata basis. Accordingly, plaintiff will be prejudiced.

### 2. The Merits of Plaintiff's Claims

The following facts are taken as true given defendant's lack of response. As stated earlier, plaintiff's complaint alleges, inter alia, a claim under 11 U.S.C. § 548(a)(1)(A) that the transfers to defendant were made by Singh with an actual intent to hinder, delay, or defraud defendant and other similarly situated creditors. The court agrees with plaintiff that Singh's conduct amounted to a Ponzi scheme, which is sufficient to establish actual intent to defraud creditors within the meaning of 11 U.S.C. § 548(a)(1)(A). The "existence of a Ponzi scheme is sufficient to establish actual intent under § 548(a)(1)." AFI Holding, Inc. v. Mackenzie (In re AFI Holdings, Inc.), 525 F.3d 700, 704 (9th Cir. 2008) (internal quotation marks omitted).

Plaintiff's complaint adequately alleges that Singh engaged in a Ponzi scheme. In furtherance of this scheme, Singh accepted investment funds from defendant and other similarly situated investors. From time to time, Singh, whether directly or indirectly, distributed payments to the investors as an illusory return on investment. These illusory returns constitute transfers of an interest in property of the debtor within the meaning of 11 U.S.C. § 101(54)(D). The well-pleaded facts show that these transfers were made with an actual intent to hinder, delay, or defraud defendant on or within 2 years before the date of the filing of the petition. Therefore, plaintiff's fourth claim for relief is meritorious.

Although an exception to liability exists in 11 U.S.C. § 548(c) for a defendant who takes in good faith and gives new value, "the defendants' good faith is an affirmative defense under Section 548(c) which must be

pleaded in the first instance as a defense by the defendants.  It is not incumbent on the plaintiff to plead lack of good faith on the defendants' part because lack of good faith is not an element of a plaintiff's claim under Section 548(a)(1)."  <u>Bayou Superfund, LLC v. WAM Long/Short Fund II, L.P. (In re Bayou Grp., LLC)</u>, 362 B.R. 624, 639 (Bankr. S.D.N.Y. 2007).  As defendant has not filed a response in this action, defendant has not met the burden of proof required to successfully assert a "good faith" defense to plaintiff's fraudulent transfer claim.

Lastly, plaintiff's complaint adequately alleges that plaintiff is entitled to recover the transfers made to defendant.  "[T]o the extent that a transfer is avoided under section . . . 548, . . . the trustee may recover, for the benefit of the estate, the property transferred . . . from— (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made."  11 U.S.C. § 550(a)(1).  Therefore, plaintiff's fifth claim for relief is meritorious.

### 3. Sufficiency of Plaintiff's Complaint

The court finds that plaintiff's complaint is well-pleaded and sets forth plausible facts—not just parroted statutory or boilerplate language—that show that plaintiff is entitled to the relief sought in the fourth and fifth claims for relief.  The complaint sufficiently alleges with particularity facts that show Singh engaged in an extensive Ponzi scheme of which defendant was a victim.  Pursuant to the scheme, defendant invested funds and also received certain transfers from Singh.  The court is satisfied that plaintiff has pleaded the circumstances of the Ponzi scheme constituting actual fraud with particularity.  <u>See</u> FED. R. BANKR. P. 7009, which incorporates FED. R. CIV. P. 9(b) (requiring a party who alleges fraud to plead such fraud with particularity).

/ / /

Moreover, plaintiff has pleaded facts that satisfy the elements of a fraudulent transfer claim sounding in actual fraud.

### 4. The Amount at Stake

Defendant is liable to plaintiff for a sum of money received via at least two transfers from Singh. The total amount of avoidable transfers alleged is $30,000.00, subject to change if and when plaintiff discovers other transfers made to defendant. The amount at stake is not a grossly large number, nor is it a nominal amount. Plaintiff has presented evidence showing that Singh made at least two payments to defendant in the amount alleged. This factor weighs in favor of a default judgment.

### 5. Possibility of Dispute as to Material Facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except allegations relating to damages. Defendant has not advanced any arguments showing material facts in dispute. Given the sufficiency of the complaint and defendant's default, there is no genuine dispute of material fact that would preclude a default judgment.

### 6. Excusable Neglect

Defendant was properly served with the summons and complaint pursuant to FED. R. BANKR. P. 7004. It is therefore unlikely that defendant's failure to respond to the complaint was due to excusable neglect.

### 7. Policy in Favor of Deciding on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. As compelling a factor as this may be, a decision on the merits is not reasonable in light of defendant's complete inaction. Defendant's lack of a response renders a decision on the merits practically impossible. Thus, the ordinary preference to

/ / /

decide cases on the merits must yield to the granting of a default judgment.

B. **Damages**

The entry of a default judgment establishes the liability of the defaulting party but the moving party still must establish the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "A court does not abuse its discretion by failing to hold a hearing [on damages] when the amount of damages is liquidated or can be made certain by computation based on the pleadings or information in the existing record." 10 MOORE'S FEDERAL PRACTICE § 55.32[2][b]. In recommending an award of damages here, the court relies on the copies of checks submitted as evidence by plaintiff. The total amount of transfers, according to this evidence, is $30,000.00.

For the reasons stated, the court recommends entry of a default judgment in favor of plaintiff, with damages in the amount requested in the complaint.

Dated: NOV - 4 2013

ROBERT S. BARDWIL
United States Bankruptcy Judge

- 8 -